IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RICCARDO HOLYFIELD, | ) | |
| | ) | 23 C 01551 |
| Plaintiff, | ) | |
| | ) | Judge Charles P. Kocoras |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER BURNS, STAR NO. 4206, | ) | |
| OFFICER SHERROD, STAR NO. 14849, | ) | |
| and THE CITY OF CHICAGO, a municipal | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' PARTIAL MOTION TO DISMISS**
**PLAINTIFF'S COMPLAINT**

Defendants, Officer Burns and Officer Sherrod ("Defendant Officers") and the City of Chicago (collectively, "Defendants") by and through one of their attorneys, David Condron, Assistant Corporation Counsel Supervisor, pursuant to Federal Rule of Civil Procedure 12(b)(6), move to dismiss Plaintiff's Complaint for failure to state a claim.

**INTRODUCTION**

Plaintiff initiated this lawsuit on March 13, 2023, alleging that on March 26, 2022, Defendant Officers committed excessive force in that both Defendant Officers placed handcuffs too tightly on Plaintiff's wrists, each of the Defendant Officers failed to intervene to prevent the other Officer from subjecting Plaintiff to excessive force in the form of tight handcuffing, committed false arrest when the Defendant Officers falsely arrested Plaintiff when they placed him under arrest for possession of a handgun and that Defendant Officers conspired to deprive Plaintiff of his constitutional rights and subject Plaintiff to unreasonable force. (*See generally* "Complaint" ECF No. 1.)

1

For the reasons set forth below, this Court should dismiss Plaintiff's Counts II, III, V and IX of Plaintiff's Complaint.

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic* v. *Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court must accept all of the plaintiff's factual allegations as true when reviewing the complaint, conclusory allegations merely restating the elements of a cause of action do not receive this presumption: "A complaint must allege facts to support a cause of action's basic elements; the plaintiff is required to do at least that much." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014).

## ARGUMENT

Plaintiff does not have viable claims for failure to intervene (Counts II and III), conspiracy to deprive constitutional rights (Count V), and state law claim of civil conspiracy (Count IX). First, Plaintiff's failure to intervene claims must be dismissed because the claims are tantamount to vicarious liability, which is impermissible. Second, even if the failure to intervene claims were permissible, Plaintiff fails to adequately plead failure to intervene in Counts II and III. Third, Plaintiff fails to allege sufficient facts in support of his claim of conspiracy to deprive constitutional rights. Fourth, Plaintiff fails to allege sufficient facts in support of his state law claim of conspiracy.

### I.  PLAINTIFF'S FAILURE TO INTERVENE CLAIMS BOTH FAIL

Plaintiff's failure to intervene (Counts II and III) claims must be dismissed. The Seventh Circuit has held that failure to intervene is not a viable source of liability as Section 1983 claims only support direct, and not vicarious, liability. *See Mwangangi v. Nielsen*, 48 F.4th 816, 834 (7th Cir. 2022) (C. J.

2

Easterbrook, concurring) ("What statute or constitutional rule *requires* one employee of the government to stop another from making a mistake? The Supreme Court has held many times that § 1983 supports only direct, and not vicarious, liability."). *Id.* Specifically, Judge Easterbook found that based on cases such as *DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), that "failure to intervene" claims have no basis in the Constitution or Supreme Court precedent. *Id.* Plaintiff seeks vicarious liability when he generally alleges under Counts II and III that the Defendant Officers Sherrod and Burns, respectively, stood by without intervening to subject Plaintiff to tight handcuffing.

Even if this Court were to allow Plaintiff to bring these claims, Counts II and III also fail because Plaintiff's failure to intervene claims are insufficiently pled. In raising a § 1983 claim for failure to intervene, Plaintiff must allege *facts* to show that the *officers* had reason to know that a constitutional violation was about to be or was being committed and that the officers had "a realistic opportunity to intervene to prevent the harm from occurring." *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994) (emphasis added). Plaintiff's complaint, even taken in the light most favorable to Plaintiff, fails to plead any facts to show that *any* officer knew that a constitutional violation was occurring or about to occur and that they had a realistic opportunity to intervene.

Plaintiff's failure to intervene claim in Count II merely states: "Defendant OFFICER SHERROD, STAR NO. 14849, stood by without intervening to prevent Defendant Officer BURNS, STAR NO. 4206, from subjecting Plaintiff RICCARDO HOLYFIELD to excessive force in the form of tight handcuffing, which Plaintiff repeatedly complained about and ultimately suffered a significant permanent injury." Complaint at para. 40. Similarly, Plaintiff's claim in Count III merely states: "Defendant OFFICER BURNS, STAR NO. 4206, stood by without intervening to prevent Defendant Officer SHERROD, STAR NO. 14849, from subjecting Plaintiff RICCARDO HOLYFIELD to excessive force in the form of tight handcuffing, which Plaintiff repeatedly

3

complained about and ultimately suffered a significant permanent injury." Complaint at para.45. This language alone is woefully inadequate to raise a claim for failure to intervene. Plaintiff must plead additional facts in support of a claim and cannot merely rely on a recitation of the claim's elements.

"A complaint must allege *facts* to support a cause of action's basic elements; the plaintiff is required to do at least that much." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (emphasis added). In reviewing the sufficiency of a complaint under the plausibility standard announced in *Twombly* and *Iqbal*, courts accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). After excising the allegations not entitled to the presumption, courts determine whether the remaining factual allegations "plausibly suggest an entitlement to relief." *Id.* The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. That is, the complaint must contain "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Id.* at 557. If the allegations give rise to an "obvious alternative explanation" (*Iqbal*, 556 U.S. at 682), then the complaint "stops short of the line between possibility and plausibility of entitlement to relief" (*Twombly*, 550 U.S. at 557). Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Applying this to Plaintiff's Complaint, the failure to intervene claims against the Defendant Officers must fail because there are no adequate factual allegations to support it. Plaintiff simply makes conclusory allegations that each Defendant Officer stood by and failed to prevent tight handcuffing. Plaintiff's bald allegations fail to establish failure to intervene. Therefore, Counts II and III should be dismissed.

## II. PLAINTIFF FAILS TO PLEAD CONSPIRACY IN COUNTS V AND IX.

### a. Count V must be dismissed.

Plaintiff also fails to adequately allege conspiracy to deprive constitutional rights under Count V. To prevail on a federal conspiracy claim, "the plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Daughtry v. Page,* 906 F.3d 606,612 (7th Cir. 2018) citing *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). Put differently, the plaintiff must "show an underlying constitutional violation" and "demonstrate that the defendants agreed to inflict the constitutional harm." *Hurt v. Wise*, 880 F.3d 831, 842 (7th Cir. 2018). "Because conspiracies are often carried out clandestinely and direct evidence is rarely available, plaintiffs can use the circumstantial evidence to establish a conspiracy, but such evidence cannot be speculative." *Beaman,* 776 F.3d at 511. See also *Dickman v. Cook County State's Attorney*, 2018 WL 1377907, *10 (N.D. Ill. 2018, Kocoras, C.)("conclusory statement" that defendants "conspired and combined together is "devoid of facts upon which a claim for relief can be based; "mere conjecture" that there has been a conspiracy is "not enough.")

In Count V, Plaintiff alleges that that the Defendant Officers "reached an agreement among themselves to deprive Plaintiff…of his constitutional rights." Complaint at para 54. Plaintiff further alleges that Defendant Officers "conspired to accomplish an unlawful purpose (the unlawful use of force and arrest of Plaintiff…in violation of the Fourth Amendment) by unlawful means, including falsification of police reports. Complaint at para. 55. Plaintiff goes on to allege that the Defendant Officers committed overt acts in that they subjected Plaintiff to objectively unreasonable force, created false incident reports and criminal complaints and intentionally falsified reports and criminal complaints to create a false narrative. Complaint at para. 56.

5

As set forth more fully above, legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). In Count V, Plaintiff simply makes conclusory allegations that Defendant Officers reached an agreement and conspired to accomplish an unlawful purpose without providing adequate factual details to support a claim that the Defendant Officers reached an agreement to deprive Plaintiff of his constitutional rights and overt acts in furtherance that deprived Plaintiff of his rights. Thus, Count V must be dismissed.

### b. Count IX must be dismissed.

Plaintiff also fails to adequately allege a state law claim of conspiracy under Count IX. The elements of a civil conspiracy are: 1) a combination of two or more persons, 2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, 3) in furtherance of which one of the conspirators committed an overt tortious or unlawful act. *Fritz v. Johnston*, et. al. 209 Ill.2d 302, 317 (2004). See also, *Fox v. Cohen*, 406 N.E.2d 178,183 (Ill.App.1980) (viability of civil conspiracy depends on whether the allegations support an underlying cause of action).

Plaintiff makes the exact same allegations in Count IX as he does in Count V. For the same reasons set forth above, Count IX must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. RULE 12(b)(6) and dismiss Counts II, III, V and IX the complaint with prejudice.

DATED: June 2, 2023

Respectfully submitted,


BY:   <u>/s/ *David R. Condron*     </u>
       David R. Condron
       Assistant Corporation Counsel Supervisor


David R. Condron, Assistant Corporation Counsel, Supervisor
Jessica Griff, Chief Assistant Corporation Counsel
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
312.742.0170 (Phone)
david.condron@cityofchicago.org
Attorney No. 6273811
**Attorneys for Defendants**

## CERTIFICATE OF SERVICE

I, David R. Condron an attorney, hereby certify that on June 2, 2023, I submitted DEFENDANTS' PARTIAL MOTION TO DISMISS upon all counsel of record by filing a copy with the Clerk of the Northern District of Illinois using the Court's electronic filing system.

>   */s/ David R. Condron*
>   David R. Condron
>   Assistant Corporation Counsel Supervisor